## Ross, Receiver, v. Smith.

[No. 10,292.    Filed June 15, 1920.    Rehearing denied November 16, 1920.]

1.  APPEAL.—*Questions Presented.—Ruling on Demurrer.—Assignment of Error.*—Where appellant filed a separate demurrer to each paragraph of the complaint, but only claims that the trial court erred in overruling the demurrer to the first paragraph and admits that the others are sufficient to withstand demurrer, no question is presented for review by an assignment that the court erred in overruling the demurrer to the complaint.    p. 120.

2.  APPEAL.—*Review.—Admission of Evidence.*—In an action for personal injuries, where a witness was asked as to a conversation with defendant's foreman concerning the necessity of repairs at the place where plaintiff was injured, and defendant objected on the ground that there was no showing or allegation that plaintiff had relied on any promise of the foreman, and, after the question had been answered further objected that the statement of the foreman was made after the accident, there being nothing in the record to indicate when the statement was made at the time the question was asked and answered, but it was afterwards disclosed by the evidence that it was several hours after the injury, there was no reversible error in the absence of a motion to strike out or withdraw the answer to the question.    p. 121.

From Clinton Circuit Court; *Joseph Combs*, Judge.

Action by William H. Smith against Walter L. Ross, receiver of the Toledo, St. Louis and Western Railway Company.    From a judgment for plaintiff, the defendant appeals.    *Affirmed.*

*Charles A. Achmettan, Geddes Van Brunt* and *Russell P. Harker,* for appellant.

*Harry C. Sheridan, Earl F. Gruber, Sam Griffin* and *Harry Griffin,* for appellee.

MCMAHAN, C. J.—Complaint by appellee in three paragraphs for personal injuries. Appellant filed a separate demurrer to each paragraph. The first error assigned is that the court erred in

overruling the demurrer to the complaint. The only claim made by appellant under this assignment is that the court erred in overruling the demurrer to the first paragraph of complaint. Appellant admits that the second and third paragraphs are sufficient to withstand demurrer. No question is therefore presented for our consideration by this assignment of error.

Under the proposition and authorities "relating to error in overruling appellant's motion for a new trial," appellant cites authorities in support of the statement that "proof of negligence is indispensable in an action for damages for personal injuries," but no attempt is made to apply the statement to any of the several specifications in the motion for a new trial. Among the specifications set out in the motion for a new trial are: (1) That the verdict is not sustained by sufficient evidence; (2) the refusal to give twelve separate instructions; and (3) the giving of twenty-two separate instructions.

2. Appellant in that part of the brief devoted to argument contends that the court erred in permitting a witness to testify that the appellant's general foreman said that the place where appellee was injured ought to be fixed, and that one or two other men had been injured there. The evidence shows that this witness was working for appellant at the time appellee was injured, and that he had a conversation with the foreman about the place where appellee was injured. He was then asked what the foreman said. Appellant objected to the question for the reason that there was no showing that appellee relied on any promise of the foreman, or of any one else, and that there was no allegation in the complaint to that effect. After the question had been answered the appellant made the further objection that the statement was made after the accident. When the question was asked and answered there was nothing in the record to indicate when the

statement was made. It might have been at the very instant of the accident, and part of the *res gestae* and properly admissible in evidence. It was afterwards disclosed by the evidence that it was made three or four hours after the injury. There was no motion made at any time to strike out or withdraw the answer to the question. Had such a motion been made after the evidence disclosed that the statement was not part of the *res gestae* and that it was made several hours after the accident, the court undoubtedly would have sustained it. The condition of the record, however, shows no reversible error.

Judgment affirmed.